IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SARITA DANIELLE KING )
o/b/o J.Z.K., )
 )
      Plaintiff, )
 )
      v. )   Civil Action No. 3:21-cv-00768-HEH
 )
KILOLO KIJAKAZI, )
Acting Commissioner of Social Security, )
 )
      Defendant. )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

THIS MATTER is before the Court on Defendant Kilolo Kijakazi's ("Defendant") Motion to Dismiss, filed on April 1, 2022. (ECF No. 11.) The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons set forth below, the Court will grant the Motion to Dismiss and Plaintiff Sarita Danielle King's ("Plaintiff") Complaint will be dismissed with prejudice.

Plaintiff, proceeding *in forma pauperis*, alleges in her Complaint that Defendant improperly denied her claim for child disability benefits. (Compl. at 1–5, ECF No. 1-1.) Plaintiff did not file her Complaint within the appropriate period set forth in the regulations. Congress has prescribed the procedure for judicial review in this Court of a denial of benefits under the Social Security Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (noting that civil action must be commenced within sixty days).[1] Thus, a plaintiff has a sixty-day period after the Commissioner mails a copy of his final decision to the plaintiff or "such further time as the Commissioner . . . may allow" to file her action with this Court. 42 U.S.C. § 405(g). This sixty-day period promulgated by Congress "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

The regulations set forth the presumption that a claimant is in receipt of the denial of request for review five days after it was issued, "unless there is a reasonable showing to the contrary." *See* 20 C.F.R. § 422.210(c). In the instant case, the Social Security Appeals Council issued its decision denying Plaintiff's request for review on September 16, 2021, and Plaintiff was presumed to have received it, five days later, on September 21, 2021. (*See* Compl. at 6.) Nonetheless, Plaintiff contends that she received the Appeals Council's decision on October 6, 2021. Assuming, *arguendo*, that Plaintiff has made a reasonable showing that she received the decision letter on October 6, 2021,

---

[1] For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

2

she was required to commence this action no later than December 6, 2021.[2] However, Plaintiff filed her Complaint on December 9, 2021. (Compl.) Therefore, she did not commence this action within the requisite sixty-day period.

Moreover, equitable tolling does not apply in this case because Plaintiff failed to request an extension of time to commence this action and has not shown good cause otherwise to extend the time to file her Complaint. While Plaintiff generally must comply with the sixty-day period for instituting a civil action, the regulations permit extensions upon a showing of good cause. 20 C.F.R. § 422.210(c). Indeed, the United States Supreme Court has determined that "traditional equitable tolling principle[s]" may apply to the sixty-day deadline in actions requesting judicial review of agency decisions. *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976)) (internal quotation marks omitted) ("[C]ases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.").

In her response to Defendant's Motion to Dismiss, Plaintiff failed to provide a sufficient basis for her untimely filing, nor did she request an extension of time by a showing of good cause. (ECF No. 16 at 1.) Therefore, because Plaintiff failed to request an extension of the sixty-day deadline, equitable tolling does not apply.

---

[2] Plaintiff's deadline for commencing this action was Sunday, December 5, 2021. However, Rule 6(a) extends this due date to the following business day, December 6, 2021. *See* Fed. R. Civ. P. 6(a) (allowing for a due date to be extended to the next business day when the original deadline falls on a Saturday, Sunday, or legal holiday.)

3

Consequently, upon due consideration and finding it appropriate to do so, the Court will grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 29, 2022
Richmond, Virginia